UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID ROMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br>NORTHWEST TRUSTEE SERVICES,<br>INC., et al.,<br><br>　　　　Defendants. | CASE NO. C10-5585BHS<br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER AND SETTING HEARING FOR ORAL ARGUMENT ON REQUEST FOR PRELIMINARY INJUNCTION |

　　　This matter comes before the Court on Plaintiffs' "Emergency Motion for Show Cause Hearing for Preliminary Injunction and Temporary Restraining Order Staying Trustee/Foreclosure Sale" (Dkt. 4). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

　　　On August 24, 2010, Plaintiffs filed the complaint in this action. Dkt. 1. On August 30, 2010, Plaintiffs filed their motion for TRO and request for a hearing on their motion for preliminary injunction. Dkt. 4. Plaintiffs assert that the Court has federal question jurisdiction over this case because their claims against Defendants arise under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Dkt. 1 at 2.

ORDER - 1

1  The relevant factual history, as alleged by Plaintiffs, is contained in the complaint
2  under the heading "Statement of Facts."  Dkt. 1 at 5-20.

## II. DISCUSSION

Plaintiffs move for a temporary restraining order (Dkt. 4) which is governed by Rule 65 of the Federal Rules of Civil Procedure.  While Plaintiffs have supplied facts regarding irreparable loss, they have failed to provide facts regarding "any efforts made to give notice [to the opposing parties] and the reasons why [notice] should not be required."  Fed. R. Civ. P. 65(b)(1).  The record is silent whether any of the Defendants have received notice of the motion.  Therefore, the Court denies the request for ex parte relief based on this failure to comply with the rules of procedure.

Even if the Court were to reach the merits of the motion, Plaintiffs have failed to meet their burdens for preliminary relief.  To obtain preliminary injunctive relief, including a temporary restraining order, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 374 (2008).

In this case, Plaintiffs have failed to make a showing as to each of these required elements.  The Court agrees with Plaintiffs that there is a likelihood of irreparable harm if the eviction proceeds as planned.  Plaintiffs, however, have failed to show that they are likely to succeed on the merits of their federal claims for relief.  The bulk of Plaintiffs' arguments appear to rest on their assertion that Defendants are not the original creditor and therefore lack standing to foreclose on the mortgage at issue. Dkt. 1 at 13-14.  However, as this Court has concluded before, courts "have routinely held that [Plaintiffs'] so-called 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D. Wash, 2010) (quoting *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting

ORDER - 2

cases)). Therefore, even if Plaintiffs had given proper notice of the motion to Defendants, the Court denies Plaintiffs' request for a temporary restraining order because Plaintiffs have failed to show that they are likely to succeed on the merits, that the balance of equities tips in their favor, or that granting the motion is in the public's interest. *See Winter*, 129 S. Ct. at 374.

Plaintiffs' motion also contains a request for a preliminary injunction. *See* Dkt. 4. If Defendants wish to file a response in opposition to Plaintiffs' motion for a preliminary injunction they may do so on or before September 22, 2010, and Plaintiffs may file a reply on or before September 29, 2010. A hearing for oral argument on the motion for preliminary injunction is set for October 6, 2010 at 2:30 p.m.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

(1) Plaintiffs' motion for temporary restraining order (Dkt. 4) is **DENIED without prejudice**;

(2) The parties **MAY FILE** supplemental briefing as discussed herein.

(3) A **HEARING** on the preliminary injunction motion is set for **October 6, 2010, at 2:30 p.m.**

DATED this 30th day of August, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3