UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID ROMAN, et al.,

    Plaintiffs,

v.

NORTHWEST TRUSTEE SERVICES, INC., et al.,

    Defendants.

CASE NO. C10-5585BHS

NOTICE AND ORDER

This matter comes before the Court on Defendants' motion to dismiss (Dkt. 7). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby notifies Plaintiffs David Roman and Klara Roman of the requirements for responding, and the potential consequences of not responding to Defendants' motion.

**I. FACTUAL AND PROCEDURAL HISTORY**

The relevant factual history, as alleged by Plaintiffs, is contained in the complaint under the heading "Statement of Facts." Dkt. 1 at 5-20.

On August 24, 2010, Plaintiffs David Roman and Klara Roman filed the complaint in this action alleging claims against Defendants arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Dkt. 1. On August 30, 2010, Plaintiffs filed their motion for a temporary restraining order ("TRO") and request for a

ORDER - 1

hearing on their motion for preliminary injunction. Dkt. 4. On August 31, 2010, the Court denied Plaintiffs' motion for TRO and set a hearing on their motion for preliminary injunction. Dkt. 5. On September 1, 2010, Defendants filed a motion to dismiss. Dkt. 7. On September 29, 2010, Defendants filed a reply stating that Plaintiffs had not filed a timely response to the motion to dismiss. Dkt. 12. On September 30, 2010, Plaintiffs filed a document titled "Response to Motion to Dismiss" containing only the caption of the case and Mr. Roman's signature. Dkt. 15. The Court now puts Plaintiffs on notice that they must file a proper response or will likely face dismissal without prejudice.

## II. DISCUSSION

Defendants seek dismissal based on insufficient process and insufficient service of process under Rule 12(b)(4)&(5) of the Federal Rules of Civil Procedure, Mr. Roman's unauthorized practice of law, Mr. Roman's lack of standing, and Plaintiffs' failure to state a claim upon which relief can be granted under Rule 12(b)(6). Dkt. 7. In addition, Defendants request that the Court grant the motion to dismiss under Local Rule CR 7(b)(2) due to Plaintiffs' failure to adequately respond to the motion. Dkt. 12.

**A.  Motion to Dismiss Under 12(b)(6)**

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in a plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even

if doubtful in fact)." *Id.* at 1965.  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**B.     Notice**

Rule 12 informs a plaintiff of what they must do in order to oppose a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Generally, a motion under this rule must be granted when a plaintiff has failed to state a claim for which the law provides relief or the plaintiff has failed to plead facts that would support a theory available under the law – that is, where either the law cannot help the plaintiff, or the plaintiff cannot provide facts sufficient to support his/her case under the law, the party who asked for dismissal is entitled to judgment, which will end a plaintiff's case. Where, as here, the motion to dismiss is based on an alleged failure to plead facts to support a cognizable legal theory, a plaintiff may not be able to simply rely on what his or her complaint states. Instead, where a plaintiff's complaint is factually deficient, a plaintiff must set out specific facts in declarations, or authenticated documents, or an amended complaint that contradicts the facts shown in a defendant's documents and shows that there are facts that, if believed, would support a cognizable legal theory.

If Plaintiffs do not adequately respond to Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal may be granted and there will be no trial.

If Plaintiffs choose to respond to the motion, they must adequately address Defendants' motion to dismiss based on Rule 12(b)(4)&(5) of the Federal Rules of Civil Procedure (insufficient process and insufficient service of process), Mr. Roman's alleged unauthorized practice of law, and Mr. Roman's alleged lack of standing.  *See* Dkt. 7.  The Court will strike the preliminary injunction hearing currently set for October 13, 2010, pending Plaintiffs' response to and the Court's ruling on Defendants' motion to dismiss. If the Court denies Defendants' motion, the preliminary injunction hearing will be rescheduled.

ORDER - 3

### III. NOTICE AND ORDER

Therefore, Plaintiffs are put on notice that they must file a response no later than **October 23**, **2010**; otherwise, dismissal may occur as discussed herein.

The Court hereby **ORDERS** that the preliminary injunction hearing set for **1:00 p.m. on October 13, 2010,** is **stricken**.

DATED this 6th day of October, 2010.

BENJAMIN H. SETTLE
United States District Judge