UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID ROMAN, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., et al.,<br><br>    Defendants. | CASE NO. C10-5585BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

  This matter comes before the Court on Defendants' motion to dismiss (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion to dismiss for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL HISTORY**

  The relevant factual history, as alleged by Plaintiffs, is contained in the complaint under the heading "Statement of Facts." Dkt. 1 at 5-20.

  On August 24, 2010, Plaintiffs David Roman ("Mr. Roman") and Klara Roman ("Ms. Roman") filed the complaint in this action alleging claims against Defendants arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Dkt. 1. On August 30, 2010, Plaintiffs filed their motion for a temporary restraining order ("TRO") and request for a hearing on their motion for preliminary injunction. Dkt.

ORDER - 1

1  4. On August 31, 2010, the Court denied Plaintiffs' motion for a TRO and set a hearing
2  on their motion for preliminary injunction. Dkt. 5. On September 1, 2010, Defendants
3  filed a motion to dismiss. Dkt. 7. On September 29, 2010, Defendants filed a reply
4  stating that Plaintiffs had not filed a timely response to the motion to dismiss. Dkt. 12.
5  On September 30, 2010, Plaintiffs filed a document titled "Response to Motion to
6  Dismiss" containing only the caption of the case and Mr. Roman's signature. Dkt. 15.
7  On October 6, 2010, the Court issued an order notifying Plaintiffs that they must file a
8  proper response or would likely face dismissal without prejudice. Dkt. 16. On October
9  22, 2010, Plaintiffs filed a second response to the motion to dismiss. Dkt. 17. On
10 November 4, 2010, Defendants filed a surreply. Dkt. 18.

## II. DISCUSSION

Defendants seek dismissal based on insufficient process and insufficient service of process under Rule 12(b)(4) & (5) of the Federal Rules of Civil Procedure, Mr. Roman's unauthorized practice of law, Mr. Roman's lack of standing, Plaintiffs' failure to state a claim upon which relief can be granted under Rule 12(b)(6), and Plaintiffs' failure to exercise their pre-foreclosure sale remedies. *See* Dkts. 7 & 18.

**A.    Motion to Dismiss Under Rule 12(b)(4)&(5)**

Defendants move to dismiss Plaintiffs' complaint based on insufficient process and insufficient service of process under Rule 12(b)(4)&(5). Dkt. 7 at 5-6. On September 30, 2010, Plaintiffs filed a certificate of service which states that Defendants were served on August 20, 2010 with a copy of several documents, including the complaint, but were not served with a copy of the summons. Dkt. 14. In their response to Defendants' motion to dismiss, Plaintiffs attached as Exhibit B a declaration of service which shows that Defendants were served with a copy of the summons and complaint, among other documents, on September 30, 2010. Because Plaintiffs have shown that they completed service within 120 days from the filing of their complaint, the Court concludes that the complaint should not be dismissed under Rule 12(b)(4) or (5).

ORDER - 2

**B.     Standing and Unauthorized Practice of Law**

Defendants argue that Mr. Roman should be dismissed for lack of standing to bring any claims against Defendants and that the complaint should be dismissed as Mr. Roman has engaged in the unauthorized practice of law.  Dkt. 7 at 6-8 and Dkt. 18 at 4. Plaintiffs maintain that Defendants made Mr. Roman a party to the action when they mailed the notice of default and notice of sale to him as well as responded to his conditional acceptance.  Dkt. 17 at 5-6.  In addition, Mr. Roman asserts standing based on his residency at the property and his status as beneficiary and heir to the estate of Ms. Roman.

Defendants mailed the notice of default and notice of sale to Mr. Roman as Ms. Roman's mailing address was listed by American Home Mortgage Servicing, Inc. as "c/o David Romans."  Dkt. 19 at 2.  Mr. Roman is not a party to the note or the deed of trust related to the property.  Plaintiffs have failed to show how Defendants' action of listing his name on mail related to the property or responding to a letter sent by Mr. Roman on behalf of Ms. Roman in any way gives Mr. Roman standing to bring claims on behalf of Ms. Roman or the property.  Accordingly, the Court concludes that Mr. Roman lacks standing to bring the claims contained in the complaint filed in this action.

The Court notes that while it agrees with Defendants that Mr. Roman has engaged in the unauthorized practice of law, the Court is dismissing Ms. Roman's claims, as discussed below, for failure to state a claim as a matter of law.

**C.     Motion to Dismiss Under 12(b)(6)**

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in a plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

1 obligation to provide the grounds of his entitlement to relief requires more than labels and
2 conclusions, and a formulaic recitation of the elements of a cause of action
3 will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal
4 citations omitted). "Factual allegations must be enough to raise a right to relief above the
5 speculative level, on the assumption that all the allegations in the complaint are true (even
6 if doubtful in fact)." *Id.* at 1965.  Plaintiffs must allege "enough facts to state a claim to
7 relief that is plausible on its face." *Id.* at 1974.

8 Defendants contend that Plaintiffs' claims must be dismissed because Defendants
9 do not meet the definition of debt collector under the FDCPA and that use of a debt
10 collector disclaimer does not make them a debt collector, and because their conduct could
11 not violate the FDCPA as their communications with Plaintiffs did not constitute debt
12 collection under the statute. Dkt. 7 at 11-12.  In addition, Defendants argue that use of
13 the Plaintiffs' allegations regarding their FDCPA claims are wholly unsupported and are
14 refuted by the evidence before the Court. *Id*. at 13-14.  Finally, Defendants maintain that
15 Washington law does not require Defendants, or any party, to produce the original note in
16 order to foreclose on a property and conduct a sale. *Id*. at 14.

17 In response to Defendants' argument that they are not debt collectors under the
18 FDCPA, Plaintiffs allege that Defendants violated their duties as trustees, which,
19 according to Plaintiffs, "releases Defendants from any protections afforded to trustees."
20 Dkt. 17 at 7.  Next, Plaintiffs contend that the argument that Defendants' communications
21 were not debt collections "do not hold since they did not have the legal right to start the
22 nonjudicial foreclosure process" and therefore violated § 1692e(5) of the FDCPA "in
23 communicating Notice of Default and then Notice of Sale." Dkt. 17 at 8; *see* 15 U.S.C.
24 § 1692e(5) (stating that the following conduct when taken by a debt collector is a
25 violation of the statute: "[t]he threat to take any action that cannot legally be taken or that
26 is not intended to be taken"). Plaintiffs also allege that Defendants could not have had

27
28

ORDER - 4

sufficient proof that the beneficiary was the actual holder of the promissory note secured by the deed of trust when they began foreclosure proceedings on May 7, 2010, because Defendants were not recorded as successor trustee until May 25, 2010. Dkt. 17 at 6, 8-9.

The Court concludes that Defendants are entitled to dismissal of Plaintiffs' claims because the actions complained of do not constitute debt collection under the FDCPA. The court's opinion in *Hulse v. Ocwen Federal Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002), is instructive:

> A "debt collector" under the FDCPA is a person who collects or attempts to collect debts. 15 U.S.C. § 1692a(6). A "debt" is defined in the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).
> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.
>
> * * *
>
> Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor.

Here, Plaintiffs' claims against Defendants stem from Defendants' actions in carrying out a nonjudicial foreclosure proceeding, specifically, issuing the notice of default, notice of sale and conducting the foreclosure sale on the property at issue. *See* Dkt. 1. Plaintiffs' additional arguments regarding the Washington Deed of Trust Act (Dkt. 17 at 6-8) and issues involving the actual holder of the promissory note (Dkt. 17 at 8-9) are irrelevant to Plaintiffs' FDCPA claims as Defendants' actions are not debt collection and therefore are not subject to the FDCPA. Because the Court concludes that these actions do not constitute debt collection under the FDCPA, Plaintiffs' claims are dismissed with prejudice as no amendment of their complaint can cure the deficiencies in the complaint.

### III. ORDER

Therefore, the Court hereby **ORDERS** that Defendants' motion to dismiss (Dkt. 7) is **GRANTED** and Plaintiffs' claims are **DISMISSED with prejudice**.

DATED this 13th day of December, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6